United States District Court
Eastern District of Wisconsin
Milwaukee Division

CLERK USDC EDWI
FILED
2022 JUL 13 P 2:43

Kevin J. Perez )

    Plaintiff, )

    v. )

                 **22-C-0805**

Officer Walters, in his )
Individual and official capacity )
as Kenosha Police Department, )
officer Sorenson, in his )
Individual capacity as Kenosha )
Police Department, Police for the )
Kenosha Police Department, City )
of Kenosha, and County of Kenosha ) add Kenosha cent )

    Defendants.

Complaint.

Now comes Plaintiff, Kevin J. Perez, in his individual
and official capacity. and complains against
Walters, in his individual and official capacity as
the former Kenosha Police department officer.
Sorenson, in his individual and official capacity as
the former Kenosha Police Department officer.
, in his official capacity as the acting Chief of
Police for Kenosha Police Department and John Doe
Police officers of the Kenosha Police Department,

CITY of KENOSHA as follows.

## Introduction

1. This case involves Constitutional Rights violation against 5th Amendment as well as 14th Amendment violation. Defendant officer Walters threatened Defendant and filed false felony charges against Defendant.

2. On September 10, 2019, in Kenosha, Wisconsin at 4000 Grant Road, Kenosha, WI 53140. Mr. Perez was told "you will come down stairs and tell me what happened." This was described in criminal complaint 2019CF001150.

3. My Reply was "I have the right to remain silent and I have the Right to an Attorney." officer Walters Reply was "I don't care you are going to come Down Stairs and tell me what happened!"

4. When I told officers I felt threatened officer Walters replied. "Too are all you get!" Implying No Supervisor would be contacted on my behalf. Violating policy.

5. I repeated my Miranda Rights and was denied by officer Walters a third time.

6. As officers emotions & actions intensified I said. "Just fucking arrest me I don't feel like Dying tonight." In eminent fear for my life.

7. While sitting in police vehicle under arrest, officer Sorenson, approached police cruiser and said "Charge him intenidating whitness!" I replied "Ok so walking out when my ex-wife srated" Here's my phone He never touched it!" Herd By both officers on camera. ~~in~~ in squrd vehicle

8. ~~point~~ Astonishingly, the Kenosha Police ~~Department~~ and their supervisory officials agreed to the fraudelend felony charge filed upon ~~fourth~~ Perez.

9. At this moment on the evening of ~~September~~ 10, 2019 I asked officer Walters that he seems very emotional and respectful

~~That~~

10- Par. 7 Line 1 - Line 11 in criminal case 2019 CF 001150 were not only fraudulgent in report but also Because Officer Sorenson. was not arresting officer. Officer Walters was in fact the individual which should be named in report.

Survelance footage shows officer Walters escorting Perez into custod and Because the above mentioned individu Had no shoes and stumbled slightly. I was grabbed and pinned to the wall in the room prior to entering Kenosh County Jail.

Mr. Perez at this point at the compl
mercy of Officer Walters. Perez yelled
for a "C/O" a Corrections officer. Once
they grabbed Mr. Perez. He anounced
to the "C/O" that this officer, offi
Walters has threatened to take m
life. the "C/O" released intensity
of his hold upon Mr. Perez
seeing Mr. Perez as no threat.
Allowed the secure door to close
finally seperating this individual with
emminant danger to peril of life.

14. @ this point I finally thoug
I was going to ~~survive~~ survive the night
~~I not~~

authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

165. In addition, the misconduct described in this count was undertaken pursuant to the policies and practices of the City of Kenosha and County of Kenosha in that the constitutional violations committed against Perez were committed with the knowledge or approval of persons with final policy making authority for the City of Kenosha and County of Kenosha or were actually committed by persons with such final policymaking authority.

166. Plaintiffs' injuries were directly and proximately caused by officers, agents underemployees of the City of Kenosha and County of Kenosha, including

But not limited to defendants, who acted pursuant to one or more of the policies, practices and customs set forth above in engaging in the misconduct described in this count.

## Count IV ~~Count VIII~~

## Intentional Infliction of Emotional Distress

162. Each Paragraph of this complaint is incorporated as if restated fully herein.

168. In the manner described in this complaint, Defendants engaged in extreme and outrageous conduct.

169. Defendants actions set forth above were rooted in an abuse of power or authority.

170. Defendants actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and Death, and with reckless disregard of that probability.

71- Defendants actions set forth above were undertaken with malice, willfulness, and reckless indefference to the rights of others.

172- Defendants conduct intentionally or reckleasly caused severe emotional distress to another.

Count ~~VIII~~ 2-9

## Negligent Infliction of Emotional Distress

173- Each paragraph of this complaint is incorporated as if restated fully herein.

174- In the manner described in this complaint, Defendants were negligent.

175- Plaintiff was impacted by the incident related to Defendants negligence.

176. plaintiff suffered serious emotional distress of the type that a reasonable person would expect to occur.

177. As a ~~result~~ direct and proximate result of the conduct referenced above Perez suffered injuries. including Emotional Distress and death.

# Count IX

## Negligence

178. Each paragraph of this complaint is incorporated as if restated fully herein

179. Defendants had a duty to Perez to act with ordinary care and prudence so as not to cause harm or injury to Perez.

180. By engaging in this manner described in this complaint. Defendants failed to act with ordinary care and Breached their duty of care owed to Perez.

181. As direct and proximate result of the conduct referenced above, Perez suffered Injuries, including Emotional distress and Death.

## Count X
## Negligent Hiring, Supervision and training

182- Each paragraph of this Complaint is incorporated as if restated fully herein.

183. Perez suffered Damages from forseeable misconduct of employees and agents supervised by Defendants.

184- the Defendant's employees in supervisory roles had a duty to properly supervise Officer Walters and to oversee their treatment of Perez.

185- As a direct and proximate result of the negligent supervision described above Huber suffered injuries, Including emotional distress and Death.

# Count XI
## Survival

187. Each of the paragraphs of this complaint as if fully restated herein.

188. In the manner described in this complaint Defendants committed unlawful conduct as a result of willfull behavior. of which Perez suffered "other damages" to his person pursuant to Wis. Stat. §895.01(1)(am).

189. the misconduct described in this count was intentional and undertaken with malice, willfullness, and reckless indifference to the rights of others.

190. as a result of these actions Perez suffered severe injuries, including Physical Pain, Emotional distress and Death.

## Count XII
## Respondeat Superior

196. Plaintiff incorporates each paragraph of this complaint as if fully restated here.

197. In committing the acts alleged in the proceeding paragraphs. Defendant Officer Walkers, officer Sorenson, and Non Doc police officers were members of the city of Kenosha and county of Kenosha, acting at all relevant times within the scope of their employment and under color of law.

198. Defendants City of Kenosha and ~~Kenosha~~ county of Kenosha are liable as principals for all torts committed by their agents.

# Count XIII
# INDEMNIFICATION

199. Each of the paragraphs of this complaint is incorporated as if fully stated herein.

200. Wisconsin Law, Wisc. Stat. §895.46, requires public entities to pay any tort judgement for damages for which employees are liable within the scope of their employment activities.

201. During all times relevant to this complaint, Defendant officer Walkers, officer Sorenson, and John Doe Police Officers were employees of the City of Kenosha and County of Kenosha, Respectively, who acted within the scope of their employment in committing the acts described herein.

# DAMAGES

202. Under 42 U.S.C. §1983, 1985 and 1986 and supplemental state law claims. Plaintiff is entitled to an award of compensatory damages against the Defendant.

203. In the wrongful acts or omissions described in this complaint, defendant acted with fraud, oppression, and malice

204. By reason of Defendant's acts or omissions described in this complaint Plantiff is entitled to recover punitive and exemplary damages.

205 Under 42 U.S.C. §1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorneys' fees, non-taxable expenses and costs.

that another officer take me to Jail. Officer Walters replied "no your in my car now!" At that instant all I could recall was that exact same Line was said by an officer to a Defendant In his police cruiser in the movie Texas Chainsaw Masacare that Individual was murdered. All Now I can Comprehend is my eminent Death.

Upon my reception at Kenosha county Jail Sally Port exiting the Police Cruiser clad only in "Camoflage Boxer-Brief and Super PAPA T-Shirt. no othercloth was afforded by officer ~~~~~~. officer walters agression and emotion Built expontationally.

10. Pg. 7 line¹ — Line ¹¹ were not only fraudulent in report, but also Because of ... was not seen by my ... until

I was secured in a holding cell in ...

2. Surveillance footage shows officer Walters escorting Mr. Perez into custody & because The above consent ... had no shoes & ... I was grabbed & pinned to the wall in the room ...

I joked with "C/O's" and Kenosha County Jail Staff. upon being released froudlent and felony charges were now a felony, but a simple misdemener turned into a felony, for only officer Walters Emotional distress; upon Chrging Case#2019CF001158.

I was than thrust back upon the Public community of Kenosha where a person's constitional Rights are non-existant.

16 on Case 2019CF001259 confirmed Mr Perez anxiety of criminal violation of civil liberties.

17. on case Kenosha County Sheriff. took 27 days to file

WHEREFORE, Plaintiff, Kevin Perez in his individual capacity prays for Judgement under 42 U.S.C. §§ 1983, 1985 and 1986, and supplemental state law claims, Against Defendants officer Walkers, officer Sorenson Johndoe Police officers of the Kenosha Police Department and Kenosha County Sherrif's Department, City of Kenosha, and County of Kenosha for compensatory and punitive damages in a fair and resonable amount. resonable attorneys' fees, non-taxable expenses, costs, and Such other reliefs as may be just under the circumstances and consistant with the Purpose of 42 U.S.C. §§ 1983, 1985, and 1986.

Respectfully submitted

Kevin Jude Perez
Plaintiff.
3844 E. Layton ave
Cudahy, WI 53110

Jury trial Demand

Pursuant to Fed. R. Civ. P. 38, Plaintiff
demands trial by jury in this action
of all issues so triable.

Respectfully submitted

Kevin Jude Perez
Plaintiff