UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN J PEREZ,

        Plaintiff,

   v.                                      Case No. 22-cv-0805-bhl

OFFICER WALTERS, et al,

        Defendants.

## ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

        On July 13, 2022, Plaintiff Kevin J. Perez, proceeding without counsel, filed a handwritten complaint alleging that his civil rights were violated by Kenosha police officers Walters and Sorenson and other unnamed officers. (ECF No. 1.) The complaint is not the easiest to understand. Perez complains about being arrested and alleges that his *Miranda* rights were violated. (*Id.* at 2–4.) He also includes a series of state law claims, but those claims start at "Count IV," then proceed to Counts VIII through XIII. (*Id.* at 8–15.) Notwithstanding his less-than-clear pleading, the Court entered a screening order on September 15, 2022, allowing Perez to proceed with his lawsuit against Walters, Sorenson and the Doe Defendants. (ECF No. 4.) Unfortunately, the case then got bogged down in service issues for several months. After numerous efforts, the Court finally deemed Sorenson and Walters to have been served on May 11, 2023. (ECF No. 16.) Perez's efforts to identify the unnamed Doe Defendants were less successful, and, after allowing Perez several extensions, the Court dismissed Perez's claims against them on June 12, 2023. (ECF No. 26.)

        On June 1, 2023, Sorenson and Walters filed a motion to dismiss the complaint. (ECF No. 22.) They contend, among other things, that they had probable cause to arrest Perez for battery, disorderly conduct, and victim intimidation, precluding his false arrest claim. (ECF No. 23 at 6–16.) They also invoke qualified immunity and urge the Court not to exercise supplemental jurisdiction over Perez's state law claims. (*Id.* at 16–20.)

Despite moving to dismiss under Fed. R. Civ. P. 12(b)(6), Sorenson and Walters support their motion with additional factual material concerning Perez's arrest in the form of three declarations and a set of proposed findings of [undisputed] fact.[1] (ECF Nos. 19–21 & 24.) It is black-letter law that a Rule 12(b)(6) motion to dismiss is decided based on the allegations of the complaint. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This separates it from a Rule 56 motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Under Rule 12(d), if a defendant presents materials outside of the pleadings in support of a motion to dismiss, the Court must treat the motion as one under Rule 56. *See Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 713–14 (7th Cir. 2013). These are well-established principles.

Sorenson and Walters invoke a narrow exception to this process. In limited circumstances, where a complaint references a document, such as a contract, insurance policy, or other written instrument, the law permits the defendant to supplement the record with the document without transforming the motion to dismiss into one for summary judgment. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730 at 735 (7th Cir. 2002). This exception does not apply to the entirety of the matters Sorenson and Walters seek to introduce. While the Court can take judicial notice of state court pleadings, it cannot accept at the motion-to-dismiss stage declarations of potentially disputed facts setting forth Defendants' versions of the circumstances of an arrest. *See Rutherford*, 707 F.3d at 713–14; *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018). Under Rule 12(b)(6), the Court must accept plaintiff's well-pleaded allegations as true and provide the plaintiff with all reasonable inferences in support of those allegations. *Twombly*, 550 U.S. at 554–56.

That all being said, this may be a case where the underlying material facts are not disputed (or can't legitimately be disputed), making an early motion for summary judgment appropriate. But the defendants must comply with the proper procedure. This Court's Civil Local Rule 12 provides that "[i]n litigation involving a pro se party where matters outside the pleadings are presented to the Court in conjunction with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)…the procedure set forth in Civil L. R. 56(a)(1) applies." Civil Local Rule 56(a)(1) offers special protections for pro se parties, requiring that the moving party include a "short and plain

---

[1] The Court does not make factual findings on a motion to dismiss or a motion for summary judgment. In the case of the former, the Court accepts the allegations as true for purpose of the motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). As for the latter, the Court may rely on only those facts that are undisputed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless [the pro se party] submits [his] own … admissible documentary evidence contradicting the factual assertion." The local rule also requires the moving party to provide the pro se adversary with the full text of Civil Local Rules 7, 56(a) and (b), and Federal Rule of Civil Procedure 56(c), (d), and (e). The Rule also makes clear that it applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6) when "matters outside the pleadings are presented to the Court." Civ. L. R. 56(a)(2).

Defendants' motions to dismiss depend upon present facts well outside those alleged in Perez's complaint. And they have not offered evidence that they have complied with Civil L.R. 12 and Civil L.R.56 (a)(1). The Court will therefore deny the motion to dismiss but will do so without prejudice. The Court will allow Defendants another thirty days to answer, file a motion to dismiss that does not rely on documents outside of the pleadings, or file an early motion for summary judgment that complies with the Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 22, is **DENIED without prejudice**. Within **thirty days** of the date of this order, Defendants must answer the complaint, refile a motion to dismiss that does not rely on documents outside of the pleadings, or file an early motion for summary judgment. If Defendants file a motion to dismiss, Perez's response is due 21 days thereafter as per Local Rule 7(b). If Defendants file a motion for summary judgment, Perez's response is due 30 days thereafter as per Local Rule 56(b)(2).

Dated at Milwaukee, Wisconsin on February 14, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge